IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN JANE FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-CV- 00425-AGF |
| v. ) | |
| ) | |
| ASSET ACCEPTANCE, LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A. AND FIA CARD SERVICES, N.A.'S ANSWER TO PLAINTIFF'S PETITION**

Defendants Bank of America Corporation ("BOAC"), Bank of America, N.A. ("B of A") and FIA Card Services, N.A. ("FIA" and, collectively with BOAC and B of A, "Defendants") answer the Petition filed by Plaintiff Kathleen Jane Ferguson ("Plaintiff" or "Ferguson") in the Circuit Court of St. Louis County, State of Missouri and removed to this Court, as follows:

**Jurisdiction and Venue**

1.      Plaintiff is an adult citizen of the United States and of the State of Missouri.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

2.      Plaintiff is a "consumer" as that phrase is defined by the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681a and by the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692 et. seq.

**RESPONSE:** The allegations of this paragraph state a legal conclusion for which no answer is required.

3.      Therefore, Plaintiff is a beneficiary of the provisions of both the FCRA and FDCPA.

**RESPONSE:** The allegations of this paragraph state a legal conclusion for which no answer is required.

4.      This action is brought to enforce liability by Defendants under the Fair Credit Reporting Act that arose within two years of the filing of this Petition and under the Fair Debt Collection Practices Act that arose within one year of the acts complained of herein.

**RESPONSE:** Defendants admit that Plaintiff brought this action alleging that all of the named Defendants are liable to her under FCRA and FDCPA, but deny that any such liability exists and deny the remaining allegations of this paragraph.

5.      This Court has jurisdiction over all of the issues presented herein pursuant to 15 U.S.C. § 1681p and 15 U.S.C. Sec 1692k.

**RESPONSE:** Defendants admit that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and that the matter was properly removed pursuant to 28 U.S.C. § 1441(a), (b).

6.      The cause(s) of action herein all accrued within St. Louis County, Missouri.

**RESPONSE:** Defendants deny that any cause(s) of action have accrued, as they have no liability to Plaintiff.  Defendants admit, though, that this Court is a proper venue for this matter.

### Other Allegations Common to All Counts

7.      Defendants Trans Union LLC (hereinafter "Trans Union"), CSC Credit Services, Inc. (hereinafter "CSC"), Experian Information Solutions, Inc. (hereinafter "Experian"), Equifax Information Services, LLC (hereinafter `"Equifax"), Asset Acceptance Capital Corp., Asset Acceptance, LLC (hereinafter collectively referred to as "Defendants Asset Acceptance"), Bank of America Corporation, Bank of America, NA and FIA Card Services, NA (hereinafter collectively "Defendants Bank of America") are corporations, limited liability companies, or national banking associations doing business in the State of Missouri.

**RESPONSE:** BOAC admits that it is a corporation, but denies all other allegations of this paragraph regarding it.  B of A admits that it is a national banking association doing business in the State of Missouri, but denies all other allegations of this paragraph regarding it.  FIA admits that it is a national banking association doing business in the State of Missouri, but denies

all other allegations of this paragraph regarding it.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

  8. Defendants CSC, Equifax, Trans Union, and Experian are "consumer reporting agencies" as that phrase is defined in the FCRA 15 U.S.C. § 1681a and are bound and required to follow the provisions of said statute.

  **RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

  9. Defendants CSC and Equifax act with each other in what they term an "affiliate" arrangement whereby they share data on consumers in the state of Missouri, and as such each has duties it is obligated to perform with respect to shared data under the FCRA.

  **RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

  10. Defendants CSC, Equifax, Trans Union and Experian have, within two years of the filing of this Petition, issued "consumer reports" pursuant to the FCRA regarding Plaintiff and which affected credit opportunities.

  **RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

  11. Defendants Equifax, Trans Union and Experian are credit reporting agencies also known as credit reporting agencies that maintain files on a nationwide basis and each has a duty to report investigation results to each other such bureau who has issued "consumer reports" on Plaintiff.

  **RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

  12. Defendants Asset Acceptance and Defendants Bank of America are "furnishers of information" to credit reporting agencies as references in the FCRA.

  **RESPONSE:**  Denied.

  13. Defendants Asset Acceptance are regularly engaged in the business of purchasing and collecting consumer debts due to others as referenced in the

FDCPA and which debts are, on information and belief, often poorly or not at all documented.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Defendants CSC, Trans Union, Equifax and Experian employ respective systems whereby each reports on consumers' credit by way of a series of letters and numbers which these Defendants define and explain to their respective and collective subscribers. Said letters and numbers have acquired a meaning in the credit granting industry.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. Defendants Asset Acceptance and Defendants Bank of America have each respectively furnished incorrect, inaccurate, negative and derogatory information about Plaintiff including, but not limited to, that she had delinquent account(s) to the credit reporting agencies when in fact, Plaintiff did not properly have any such accounts with these defendants.

**RESPONSE:** Denied.

16. Defendants CSC, Equifax. Trans Union and Experian have reported to one or more creditors and/or potential creditors that Plaintiff had one or more delinquent accounts when, in fact, Plaintiff did not have any such delinquent account(s).

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. In the year 1994 Plaintiff was divorced from her former husband. Since that time Plaintiff, in an exemplary fashion, and at great sacrifice to herself and her family, diligently paid her legitimate debts for which she was responsible that were incurred during that marriage and afterward in an effort to maintain and build a reputable credit history.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18. Sometime thereafter Plaintiff was contacted by Defendants Asset Acceptance attempting to collect a debt that she did not owe. Rather said debt was, on information and belief, incurred only by her former husband from

- 4 -

Defendants Bank of America without her knowledge, consent and/or authorization.

**RESPONSE:** Defendants deny that the debt at issue in this litigation was incurred only by her former husband without her knowledge, consent and/or authorization. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

19. Defendants CSC, Equifax Trans Union and Experian have reported to one or more creditors and/or potential creditors information about Plaintiff that was untrue and inaccurate indicating that she owed these debts of her former husband which she did not owe.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20. Furthermore, Defendants CSC, Equifax Trans Union and Experian also reported that those debts involved dates that were falsely re-aged so as to appear newer than they actually are.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

21. Plaintiff has repeatedly requested information from Defendants Bank of America which would in any way indicate that she had any responsibility for the debt at issue. To date, Defendants Bank of America have failed and refused to provide any such documentation or information to her.

**RESPONSE:** B of A admits that Plaintiff requested information from it regarding her account and was provided that information, including information showing that she is a person named on the account, and therefore responsible for the account. B of A denies the remaining allegations of this paragraph while BOAC and FIA deny all of the allegations of this paragraph.

22. Plaintiff has repeatedly and continuously instituted consumer disputes under 15 U.S.C. § 1681 i and advised Defendants CSC. Equifax, Trans Union. and Experian in writing and otherwise that she was never liable on the accounts and that the dates reported were wrong on her "consumer report."

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. Defendants CSC, Equifax, Experian and Trans Union were obligated to investigate and/or reinvestigate those disputes pursuant to 15 U.S.C. § 1681i.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24. Defendants Asset Acceptance and Defendants Bank of America received notices of Plaintiffs disputes from one or more of said credit reporting agencies and were thus also required to investigate and/or reinvestigate and report the results of these investigation(s) pursuant to 5 U.S.C. § 1681s-2(b).

**RESPONSE:** B of A admits that it received notices of Plaintiff's disputes from one or more credit reporting agencies. B of A further admits that it was then obligated to comply with the provisions of FCRA and that it did so. B of A denies the remaining allegations of this paragraph that pertain to it while BOAC and FIA deny all of the allegations of this paragraph that pertain to them. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. On information and belief, Defendant Asset Acceptance's business practice is to purchase debt such as that at issue herein which is often wholly undocumented or inadequately documented and then to attempt to collect on it using, *inter alia*, means such as furnishing information to defendants Equifax, CSC, Trans Union and Experian.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. On information and belief, Asset Acceptance is just one of a host of such consumer debt buyers that purchase debt on minimal documentation and report the derogatory information to defendants Equifax, CSC, Trans Union and Experian who then report it to creditors and prospective creditors.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27. On information and belief, Defendants Equifax, CSC, Trans Union and Experian should have known that the information furnished to them respectively by Defendants Asset Acceptance and/or Defendants Bank of America was incorrect, inaccurate, and/or unverifiable with respect to the character and amount of the debt sought as well as the dates for which it was reported.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Defendants deny, however, any allegation or implication that they provided any incorrect, inaccurate and/or unverifiable information regarding Plaintiff's account.

## COUNT I - Negligent Violation of the FCRA

28. Plaintiff incorporates by reference ¶ ¶ 1- 27. above, as if fully set forth herein.

**RESPONSE:** Defendants incorporate their responses to Paragraphs 1-27 as their response to this paragraph.

29. Defendants CSC, Trans Union, Equifax and Experian failed to have "reasonable procedures to assure maximum possible accuracy of the information" disseminated concerning Plaintiff as required by 15 U.S.C. § 1681e(b) in that they regularly allow ex-spouse debt to be reported despite disputes to be reported by debt buyers with little or no proof of ownership and regularly allow or cause debt to be reported as appearing more recent than it really is.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. Defendants CSC, Trans Union, Equifax, and Experian negligently failed to comply with the FCRA, including, but not limited to 15 U.S.C. § 1681i, in one or more of the following respects to *wit*:

A. By failing to properly investigate and/or reinvestigate Plaintiffs disputes;

B. By failing to properly investigate and/or reinvestigate Plaintiffs disputes despite the fact that Plaintiff had repeatedly denied that she owed the debt and that these debt buyers reported on scant information;

    C.    By repeatedly only sending "CDV" forms to creditors and/or furnishers of information about Plaintiff' when Plaintiffs disputes raised a high likelihood that her former husband, and not her, owed the debts;

    D.    By failing to perform a full and complete investigation and/or reinvestigation in light of their respective and collective knowledge of the enormity of problems with debt buyers reporting on former spouses with no real proof that they owe the debt, ignoring a known high degree of risk; and/or

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

    31.    Defendants Asset Acceptance and Bank of America failed to conduct reasonable investigations and/or reinvestigations of Plaintiff's disputes and failed to adequately report the results of any investigation and/or reinvestigation each did undertake.

**RESPONSE:** Defendants deny the allegations of this paragraph regarding them or their conduct. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

    32.    Defendants continue to report inaccurate data about Plaintiff.

**RESPONSE:** Defendants deny the allegations of this paragraph regarding them or their conduct. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

    33.    As a direct and proximate result of these Defendants' respective and collective negligent acts as alleged herein, Plaintiff has suffered damages including, but not limited to, the following: damage to her credit, incorrectly and/or improperly reported credit, lost credit opportunities, credit denials, unfavorable credit terms, and damaged and/or diminished credit standing with CSC, Trans Union, Equifax Experian and/or other consumer reporting agencies, as well as suffering "garden variety" and "incidental" emotional distress, which was a "real injury," and inconvenience and expense. All of these damages and/or injuries are continuing in nature.

**RESPONSE:** Denied.

### COUNT II – Willful Violation of the FCRA

    34.    Plaintiff incorporates by reference ¶¶ 1-27, above, as if fully set forth herein.

**RESPONSE:** Defendants incorporate their responses to Paragraphs 1-27 as their response to this paragraph.

35.     Defendants CSC, Trans Union, Experian and Equifax willfully failed to comply with the FCRA by willfully failing to have reasonable procedures to insure maximum possible accuracy of the information disseminated concerning Plaintiff in violation of 15 U.S.C. 1681e(b) in that they regularly allow ex-spouse debt to be reported by debt buyers despite disputes with little or no proof of ownership and regularly allow or cause debt to be reported as appearing more recent than it really is.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

36.     Defendants CSC, Trans Union, Experian, and Equifax willfully failed to comply with the FCRA, including, but not limited to 15 U.S.C. § 1681i, in one or more of the following respects to wit:

A.      By willfully failing to properly investigate and/or reinvestigate Plaintiffs disputes;

B.      By performing "sham" investigations where Plaintiff's credit status and accounts were not properly investigated and/or reinvestigated;

C.      By only "mechanically" sending "CDV" forms to creditors and/or furnishers of information about Plaintiff when Plaintiff's disputes clearly placed Defendants on a high degree of notice that this may have been only her ex-husband's account and its full and complete knowledge of the extent to which debt buyers report and attempt to collect against former spouses on scant documentation and insufficient proof.

D.      By failing to perform a full and complete investigation and/or reinvestigation in light of their knowledge of the enormity of former spouse problems in the credit reporting industry and thereby recklessly ignoring a known high degree of risk;

E.      By continuing to exclusively and/or recklessly rely to a dangerous degree on their "CDV" methods despite having been placed on repeated notice that these procedures did not work and were harming consumers;

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37.     Defendants Asset Acceptance and Bank of America willfully performed only a cursory review of their records rather than investigate and/or reinvestigate the disputes which would have revealed that the data each furnished respectively about Plaintiff was not verifiable and/or incorrect and inaccurate.

**RESPONSE:** Defendants deny the allegations of this paragraph regarding them or their conduct. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

38. Defendants Equifax CSC Trans Union and Experian continue to report inaccurate data.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

39. As a direct and proximate result of the Defendants' respective and collective willful acts as alleged herein. Plaintiff has suffered damages including, but not limited to, the following: damage to her credit, incorrectly and/or improperly reported credit, lost credit opportunities, credit denials, unfavorable credit terms, and damaged and/or diminished credit standing with CSC, Trans Union, Equifax, Experian and/or other consumer reporting agencies, as well as suffering "garden variety" and "incidental" emotional distress, which was a "real injury," and inconvenience and expense. All of these damages and/or injuries are continuing in nature.

**RESPONSE:** Denied.

## COUNT III – FDCPA

40. Plaintiff incorporates by reference ¶ ¶ 1-39, above, as if fully set forth herein.

**RESPONSE:** Defendants incorporate their responses to Paragraphs 1-39 as their response to this paragraph.

41. Defendant Asset Acceptance regularly attempts to collect consumer debts asserted to be due another and, at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42. Defendant Asset Acceptance has attempted to collect consumer debt(s) purportedly incurred for personal, familial and/or household use.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

43. In its attempt to collect an alleged debt from Plaintiff. Defendant Asset Acceptance has violated the Fair Debt Collection Practices Act ("FDCPA") in one or more of the following respects, *to wit*:

A. By using false, deceptive and/or misleading means to collect and/or attempt to collect a debt from Plaintiff by furnishing incorrect and inacure information about this purported debt on Plaintiffs credit report(s) to Defendants CSC. Equifax, Experian and/or Trans Union in violation of 15 U.S.C. §1692e; and/or

B. By falsely, deceptively or misleadingly representing that there was any balance due from Plaintiff without any factual basis for making this statement, in violation of 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692e(2)(A); and/or

C. By using false, deceptive and/or misleading means to collect or attempt to collect a debt by providing a false representation of the character, amount and/or legal status of the purported debt owed by Plaintiff in violation of 15 U.S.C. §1692e(2); and/or

D. By falsely, deceptively or misleadingly representing the balance purportedly due from Plaintiff when it has no factual basis for making this statement, in violation of 15 U.S.C. §1692e(1O) and 15 U.S.C. § 1692e(2)(A); and/or

E. By using unfair or unconscionable means, including, but not limited to, furnishing inaccurate and incorrect information to the credit reporting agencies in violation of 15 U.S.C. §1692f(1); and/or

F. By using false, deceptive and/or misleading means to collect and/or attempt to collect a debt from Defendant by furnishing information to the credit reporting agencies which implies and would cause an unsophisticated consumer to presume that said information evidenced the amount of the alleged debt to Plaintiff when, upon information and belief said document does not do so, in violation of 15 U.S.C. §1692e(10).

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

44. That as a direct and proximate result of such violations Plaintiff sustained lost credit opportunities, a reduction in the creditworthiness of her reports, was caused to worry that this false and inaccurate information regarding her current financial solvency would prevent her from obtaining housing and/or a vehicle to drive and Plaintiff has thus suffered "garden variety" and "incidental" emotional distress which was a "real injury" and will in the future suffer lost credit opportunities, a reduction in the creditworthiness of her reports, and will continue to suffer from this emotional distress.

**RESPONSE:** Denied.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

2. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

3. Plaintiff's claims are barred, in whole or in part, by estoppel, waiver, and/or laches.

4. Defendants each took reasonable measures to ensure that any information furnished to credit reporting agencies was true.

5. Any alleged misconduct by any of the Defendants was the result of innocent mistake.

6. Any loss, injury, damage or detriment Plaintiff might have suffered was directly and proximately caused and contributed to by her own breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct, and not by any of the Defendants.

7. Any loss, injury, damage or detriment Plaintiff might have suffered was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by any of the Defendants.

8. Plaintiff has failed, refused and/or neglected to take reasonable steps to mitigate her alleged damages, if any, thus barring or diminishing any recovery by her.

9. Any claim for exemplary or punitive damages Plaintiff asserts violates Defendants' rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth

and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment to the United States Constitution and the analogous provisions of applicable State Constitutions.

10. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, Defendants Bank of America Corporation, Bank of America, N.A. and FIA Card Services, N.A. respectfully request that the Court enter judgment in their favor and against Plaintiff, award them their costs in this action, and grant them such other relief as is just and proper in the circumstances.

Dated:  March 16, 2011

Respectfully submitted,

THOMPSON COBURN LLP


By  /s/ Mike W. Bartolacci
    Mike W. Bartolacci, #35441MO
    One US Bank Plaza
    St. Louis, Missouri  63101
    314-552-6000
    FAX 314-552-7000
    mbartolacci@thompsoncoburn.com


    Gary S. Caplan
    Illinois ARDC # 6198263
    Max A. Stein
    Illinois ARDC # 6275993
    Reed Smith LLP
    10 South Wacker Drive
    Chicago, IL 60606-7507
    (312) 207-1000
    (312) 207-6400 (Facsimile)
    gcaplan@reedsmith.com
    mstein@reedsmith.com

        *Of Counsel*


    Attorneys for Defendants
    Bank of America Corporation
    Bank of America, N.A., and
    FIA Card Services, N.A.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2011, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Creighton J. Cohn
The Cohn Law Firm, LLC
230 S. Bemiston Avenue, Suite 1111
Clayton, MO 63105
cjc@cohnfirm.com

Blair K. Drazic
743 Horizon Ct, Suite 204
Grand Junction, CO 81505
blairdrazic@gmail.com

F. Scott Galt
Armstrong Teasdale, LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
sgalt@armstrongteasdale.com

Frank N. Gundlach
Armstrong Teasdale, LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
fgundlach@armstrongteasdale.com

Mayer S. Klein
Frankel and Rubin
231 S. Bemiston, Suite 1111
Clayton, MO 63105
mklein@frankelrubin.com

Adam W. Wiers
Jones Day
77 W. Wacker Drive, Suite 3500
Chicago, IL 60601-1692
awwiers@jonesday.com

/s/ Mike W. Bartolacci